UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL COMARDELLE                                            CIVIL ACTION

VERSUS                                                              No. 13-6555

PENNSYLVANIA GENERAL INSURANCE                               SECTION I
COMPANY ET AL.

ORDER AND REASONS

Before the Court are motions[1] for partial summary judgment filed by all defendants regarding plaintiffs' claims for bystander damages, which motions plaintiffs oppose.[2] For the following reasons, the motions are **GRANTED**.

BACKGROUND

Plaintiffs allege that decedent, Michael Comardelle ("Comardelle"), was "exposed to asbestos and asbestos-containing products manufactured, distributed, and sold" by defendants during the course of his employment from 1963 through 1979.[3] Plaintiffs allege, "As a result of these exposures to toxic substances, including asbestos, [Comardelle] contracted cancer, mesothelioma, and lung cancer, which was first diagnosed on approximately September 25, 2013."[4] Comardelle died on May 3, 2014,[5] and his surviving spouse and children were substituted as plaintiffs.[6]

Among a myriad of other claims, plaintiffs assert that they "are entitled to damages for the . . . mental pain and anguish which [they] endured from watching the suffering and death of

---

[1] R. Doc. Nos. 245, 254.
[2] R. Doc. No. 281.
[3] R. Doc. No. 1-2, ¶ 6.
[4] R. Doc. No. 1-2, ¶ 9; *see also* R. Doc. No. 245-5, ¶¶ 1-2; R. Doc. No. 281-1, ¶¶ 1-2.
[5] R. Doc. No. 245-5, ¶ 3; R. Doc. No. 281-1, ¶ 3.
[6] R. Doc. No. 100.

their husband and father."[7] Defendants contend that plaintiffs are not entitled to these damages under Louisiana law.[8]

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The

---

[7] R. Doc. No. 100, ¶ VIII.
[8] R. Doc. No. 245.

nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## DISCUSSION

In *Lejeune v. Rayne Branch Hosp.*, 556 So. 2d 559, 561 (La. 1990), the Supreme Court of Louisiana noted that, since its decision in *Black v. Carrollton R.R. Co.*, 10 La. Ann. 33 (1855), Louisiana tort law did not afford a remedy for the "mental pain and anguish sustained by a person not directly injured, because of the negligent[9] infliction of injury on a third person."[10] *Lejeune*, 556 So. 2d at 561 (citing *Black*, 10 La. Ann. 33). However, in *Lejeune* the Supreme Court of Louisiana overruled *Black* and recognized a cause of action for so-called "bystander" or "*Lejeune*" damages. *Id.* at 569. After a thorough examination of the law in other jurisdictions, the Court applied the duty-risk principles of Article 2315 of the Louisiana Civil Code[11] and "conclude[d] that mental pain and anguish claims arising out of injury to third persons are allowable, [subject to four] modifications and restrictions." *Lejeune*, 556 So. 2d at 569-70.

In order to recover bystander damages under *Lejeune*: (1) "[a] claimant need not be physically injured, nor suffer physical impact in the same accident" as the direct victim, but the claimant must "either view the accident or injury-causing event or come upon the accident scene soon thereafter and before substantial change has occurred in the victim's condition;" (2) "[t]he direct victim of the traumatic injury must suffer such harm that it can reasonably be expected that one in the plaintiff's position would suffer serious mental anguish from the experience;" (3)

---

[9] As discussed at the October 31, 2014 status conference, plaintiffs assert that they are entitled to bystander damages on the basis of both negligent conduct and intentional conduct. However, all parties agree that this distinction does not alter the Court's analysis.
[10] The *Black* rule was followed in all but a few "maverick" cases. *See Lejeune*, 556 So. 2d at 568.
[11] *See Lejeune*, 556 So. 2d 566-69. Article 2315 states, in pertinent part, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

"[t]he emotional distress sustained must be both serious and reasonably foreseeable;" and (4) the claimant must have a sufficiently close relationship to the direct victim. *Id.* at 570.

A year after *Lejeune* was decided, the State of Louisiana "codified the *Lejeune* decision by enacting" Article 2315.6 of the Louisiana Civil Code, "which allows certain 'persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter [to] recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury.'"[12] *Trahan v. McManus*, 728 So. 2d 1273, 1278 (La. 1999) (alteration in original) (quoting La. Civ. Code art. 2315.6). The Supreme Court of Louisiana has stated that "this right of recovery has been recognized jurisprudentially and legislatively to exist only under very limited circumstances." *Id.*

Defendants assert that plaintiffs do not satisfy *Lejeune*'s requirements because "none of the plaintiffs came upon the scene of any traumatic injury-producing accident shortly after it occurred."[13] Plaintiffs respond that "the case at bar is not a case where the plaintiffs came upon their husband and father's injuries after those injuries had occurred. Here, the plaintiffs witnessed the progression of the mesothelioma as the cancerous tumor grew inside of [him], causing damage and excruciating pain and suffering, minute by minute, breath by breath, and eventually killing him."[14] Defendants reply that plaintiffs "do not claim to have viewed an accident or come upon an accident scene soon after it occurred. Nor is the mental distress even

---

[12] Plaintiffs assert that Article 2315.6 does not apply to their claims because Comardelle's asbestos exposure occurred before its enactment, and that "the law governing the plaintiffs' claim for *Lejeune* damages is the law as interpreted by the Louisiana Supreme Court" in *Lejeune*. R. Doc. No. 281, at 4. However, as discussed below, plaintiffs' are not entitled to bystander damages under either Article 2315.6 or *Lejeune*.

[13] R. Doc. No. 245-1, at 7.

[14] R. Doc. No. 281.

remotely contemporaneous with the occupational exposures that allegedly resulted in the illness."[15]

The alleged injury-causing event in this case is Comardelle's exposure to asbestos.[16] Plaintiffs have not alleged or presented evidence that they were present when Comardelle was exposed to asbestos or that they came upon the scene of his exposure soon thereafter. *See* La. Civ. Code art. 2315.6(A); *Lejeune*, 556 So. 2d at 570. Many years later, plaintiffs observed the progression of the disease allegedly caused by asbestos exposure, but they have not provided any proof that they were aware that Comardelle was being harmed at the time he was exposed to asbestos. "Recovery of damages for mental anguish has almost never been extended to one who observed the victim's suffering at a place other than where the injury-causing event occurred or at a time not closely connected to the event." *Trahan*, 728 So. 2d at 1279. The Court finds that plaintiffs have not satisfied the first *Lejeune* requirement and, accordingly, they are not entitled to bystander damages under Louisiana law.

Furthermore, even if plaintiffs had observed Comardelle's exposure to asbestos, they would not be entitled to *Lejeune* damages because "[t]here was no observable harm to the direct victim that arose at the time." *Id.* at 1280. In *Trahan*, a car-accident victim's parents watched their son die after he was negligently misdiagnosed and discharged from the hospital. *Id.* at 1275. The Supreme Court of Louisiana stated that "the doctor's negligent discharge of the patient . . . was not a traumatic event likely to cause severe contemporaneous mental anguish to an observer,

---

[15] R. Doc. No. 329, at 3.

[16] *See* R. Doc. No. 100, ¶¶ IV-V; *see also Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1083 (La. 2009) ("In the present case, this inquiry first requires us to examine the temporal question of when, in a latent disease case, the incident caused Rando's injury. That question, now resolved by this Court, is Rando's injury occurred at the time of significant exposure to asbestos, not later when his disease (mesothelioma) manifested itself."); *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1077 (La. 1992).

even though the ultimate consequences were tragic indeed." *Id.* at 1280. Similarly, even if plaintiffs had witnessed Comardelle's exposure to asbestos, merely observing Comardelle breathe in a dusty work environment is not an inherently traumatic event, although the eventual consequence was tragic and fatal.

Plaintiffs rely[17] on *Coates v. AC&S, Inc.*, 844 F. Supp. 1126 (E.D. La. 1994) (Schwartz, J.), for the proposition that "mental anguish claims clearly exist in mesothelioma cases."[18] *Coates* involved claims by survivors of a man who died from illness related to asbestos exposure. *Id.* at 1127-28. The court in *Coates* concluded that evidence of the decedent's wife's mental anguish should not be excluded. *Id.* at 1138 (citing *Matthews v. Turner*, 566 So. 2d 133 (La. App. 5 Cir. 1990)). As stated in *Coates*, "the Louisiana Fifth Circuit Court of Appeals recognized [in *Matthews*] that an award for mental anguish for seeing a child or close relative suffer or perish is now mandated by *Lejeune*." *Id.*[19]

*Matthews*, however, is a "quantum only case" in which the parties had stipulated to "[l]iability and medical negligence." *Matthews*, 566 So. 2d at 133. The court in *Matthews* only examined whether the jury abused its discretion in awarding $50,000 in *Lejeune* damages to a plaintiff whose daughter died because of medical malpractice. *Id.* at 134. The court affirmed such award because "[t]he extent of an award authorized by *Lejeune* is now uncertain" and the

---

[17] Both plaintiffs and defendants cite a number of unpublished opinions from Louisiana state district and intermediate appellate courts. *See, e.g.*, R. Doc. Nos. 245-2, 245-3, 245-4, 281-4, 281-5, 281-6. These orders either completely fail to provide detailed reasons or provide only cursory analysis of the issues. Without the benefit of these courts' reasoning and factual findings, this Court is unable to afford these opinions any weight in its analysis.

[18] R. Doc. No. 281, at 5.

[19] In *Richardson v. Advanced Cardiovascular Systems, Inc.*, 865 F. Supp. 1210 (E.D. La. 1994) (Schwartz, J.), the plaintiffs were the surviving children of a woman who died during surgery. *See id.* at 1212. Judge Schwartz did not allow damages pursuant to Article 2315.6 because the "[p]laintiffs [did] not assert that they viewed the surgical procedure or came upon the scene soon thereafter" and the plaintiffs were, therefore, "unable to meet the requisite status of a 'bystander.'" *Id.* at 1219.

court "hesitate[d] to modify this award, there being no judicial guidelines." *Id. Matthews* does not purport to discuss liability for *Lejeune* damages. *See id.* Accordingly, this Court is not persuaded by *Coates*, which relied on *Matthews* without considering *Lejeune*'s four factors.

Finally, plaintiffs suggest that the broad language of Article 2315 encompasses their right to *Lejeune* damages.[20] However, the Supreme Court of Louisiana has rejected this argument:

> If recovery of mental anguish damages resulting from negligently caused physical injury to another person had been allowed prior to the *Lejeune* decision, a tortfeasor, under the literal terms of Article 2315, might have been held liable to repair any damages remotely caused by his or her fault. However, liability for fault does not extend to all damages that result from that fault. *Hill v. Lundin & Assoc.*, 260 La. 542, 256 So.2d 620 (1972). As a matter of policy, the courts, under the scope of duty element of the duty-risk analysis, have established limitations on the extent of damages for which a tortfeasor is liable. . . . But for this limitation, liability might have been extended, under the literal terms of Article 2315, to allow recovery of mental anguish damages by an acquaintance of the tort victim who learned of the injury by telephone call several days after the injury-causing event.

*Trahan*, 728 So. 2d at 1278. The limitations set forth in *Lejeune* represent the Supreme Court of Louisiana's duty-risk analysis for bystander damages claims, codified in Article 2315.6, and this Court is bound by that analysis.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motions are **GRANTED** and that plaintiffs' claims for *Lejeune* damages are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 31, 2014.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[20] *See* R. Doc. No. 281, at 5.