UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL COMARDELLE | CIVIL ACTION |
| VERSUS | No. 13-6555 |
| PENNSYLVANIA GENERAL INSURANCE COMPANY ET AL. | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendants, Albert L. Bossier, Jr., J. Melton Garrett, OneBeacon America Insurance Company, and Pennsylvania General Insurance Company (collectively, the "Avondale executive officers"),[2] for partial summary judgment regarding plaintiffs' strict liability claims. Plaintiffs oppose the motion.[3] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiffs allege that decedent, Michael Comardelle ("Comardelle"), was "exposed to asbestos and asbestos-containing products manufactured, distributed, and sold" by defendants during the course of his employment from 1963 through 1979.[4] Plaintiffs allege, "As a result of these exposures to toxic substances, including asbestos, [Comardelle] contracted cancer, mesothelioma, and lung cancer, which was first diagnosed on approximately September 25,

---

[1] R. Doc. No. 246.
[2] Albert L. Bossier, Jr. and J. Melton Garrett are living former executive officers of the company that is now called Huntington Ingalls Incorporated, a defendant that is referred to in the context of this litigation as "Avondale." OneBeacon America Insurance Company and Pennsylvania General Insurance Company are the alleged insurers of both living and deceased Avondale executive officers. *See* R. Doc. No. 1-2, ¶ 3.
[3] R. Doc. No. 294.
[4] R. Doc. No. 1-2, ¶ 6.

2013."[5] Comardelle died on May 3, 2014, and his widow and children were substituted as plaintiffs.[6]

Among a myriad of other claims, plaintiffs seek to recover from Avondale's executive officers under a theory of strict liability pursuant to Article 2317 of the Louisiana Civil Code.[7] The Avondale executive officers assert that such claims are not cognizable against them as a matter of law,[8] and that even if such claims are cognizable, plaintiffs cannot meet their burden of proof.[9]

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

---

[5] R. Doc. No. 1-2, ¶ 9.
[6] R. Doc. No. 100.
[7] *See* R. Doc. No. 1-2, ¶¶ 12-15; *see also* R. Doc. No. 294, at 5-7.
[8] R. Doc. No. 246-1, at 5-8.
[9] R. Doc. No. 246-1, at 8-10.

(1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## DISCUSSION

Although strict liability has been abolished by the Louisiana legislature,[10] "'[i]n an action asserting liability under [Article 2317] before 1996, the plaintiff bore the burden of proving three elements: (1) that the thing which caused the damages was in the care, custody, and control (garde) of the defendant; (2) that the thing had a vice, ruin, or defect that presented an unreasonable risk of harm; and (3) that the vice, ruin, or defect was the cause-in-fact of the plaintiff's damages.'" *Cologne v. Shell Oil Co.*, No. 12-735, 2013 WL 5781705, at *5 (E.D. La. Oct. 25, 2013) (Fallon, J.) (quoting *Dupree v. City of New Orleans*, 765 So. 2d 1002, 1008 (La. 2000)). "Louisiana courts have generally held that (1) ownership of a thing establishes a

---

[10] Tort Reform—Elimination of Strict Liability, 1996 La. Sess. Law Serv. 1st Ex. Sess. Act 1 (H.B. 18) (West) (effective April 16, 1996); *see also, e.g.*, *Small v. Baloise Ins. Co. of Am.*, 753 So. 2d 234, 240 (La. App. 4 Cir. 1998) ("By requiring knowledge or constructive knowledge under Article 2317.1, the Legislature effectively eliminated strict liability under Article 2317, turning it into a negligence claim. This substantive change should not apply retroactively . . . .") (internal quotation marks omitted), *writ denied*, 724 So. 2d 733 (La. 1998).

3

rebuttable presumption of custody or 'garde,'[11] and (2) in a case of non-ownership, a defendant may be found to have custody over property when he exercises direction and control of the thing and derives some benefit from it." *Coulter v. Texaco, Inc.*, 117 F.3d 909, 914 (5th Cir. 1997). "Whether the law imposes a duty of garde . . . is a factual inquiry" that requires a court to "determine 1) what benefit [the person] received from the [thing] and 2) what kind of direction and control [the person] had over it." *Doughty v. Insured Lloyds Ins. Co.*, 576 So. 2d 461, 464 (La. 1991).

In *Vedros v. Northrop Grumman*, Civil Action No. 11-1198, another section of this Court recently granted a substantially similar motion filed by the same Avondale executive officers (including all the defendants described in note 2, *supra*) regarding substantially similar claims by another asbestos plaintiff.[12] As U.S. District Judge Carl Barbier concluded during oral argument in that other case on March 26, 2014,[13] this Court need not decide whether strict liability claims are ever appropriate against executive officers[14] because plaintiffs have not produced any evidence that raises a genuine issue of material fact as to whether the Avondale executive officers had care, custody, and control (garde) over any asbestos or asbestos-containing equipment.

The evidence produced by plaintiffs suggests that the Avondale executive officers had responsibility for their employees' safety, attended meetings where safety policy was discussed,

---

[11] Plaintiffs do not present any evidence that the Avondale executive officers had ownership over the asbestos. *See* R. Doc. No. 294-2, ¶ 1.

[12] *Vedros* involved the same counsel representing the plaintiffs and the same counsel representing the Avondale executive officers. The *Vedros* motion was substantively identical, with the same underlying claims in the complaint and the same supporting evidence.

[13] *See* R. Doc. No. 496, at 52-53.

[14] The Court notes the scholarly and persuasive opinion by U.S. District Judge Fallon, which suggests that such actions were permissible under Louisiana law on or about the time of Comardelle's exposure. *See Cologne*, 2013 WL 5781705, at *3-6.

and knew that asbestos poses a safety risk.[15] However, plaintiffs' evidence says nothing about the Avondale executive officers' control of the asbestos material itself. *See also Patterson v. Radiator Specialty Co.*, No. 10-2007, 2012 WL 1565286, at * (E.D. La. May 2, 2012) (Duval, J.) ("Plaintiff has cited no case and the Court is unaware of one that finds executive officers having the requisite control to state a cause of action against them under art. 2317. Indeed, it would seem that the 'control' would be as to the corporation . . . ."). Accordingly,

**IT IS ORDERED** that the motion is **GRANTED** and that plaintiffs' strict liability claims against the Avondale executive officers are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 21, 2014.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[15] *See* R. Doc. No. 294, at 9-21. The Court also notes that in *Vedros*, Judge Barbier stated to plaintiffs' counsel in open court that "I was a little disappointed in your briefs because you in some cases either grossly overstated or you flatly misrepresented what was in the record." When reviewing plaintiff's opposition, this Court identified at least 14 instances where cited exhibits were either grossly mischaracterized and/or failed to support the proposition for which they were cited. Unprofessional conduct and substandard effort is unacceptable, sanctionable, and will not be tolerated in the future.