UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL COMARDELLE     CIVIL ACTION

VERSUS     No. 13-6555

PENNSYLVANIA GENERAL INSURANCE     SECTION I
COMPANY ET AL.

## ORDER

Before the Court is an appeal[1] filed by plaintiffs of an order[2] of the U.S. Magistrate Judge denying plaintiffs' motion[3] to quash the deposition of Ray Comardelle and to strike him as a witness. Plaintiffs have also filed a motion for an expedited hearing.[4]

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, nondispositive pretrial matters decided by a U.S. Magistrate Judge may be appealed to the U.S. District Court Judge. The order of a U.S. Magistrate Judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "Under this standard, factual findings are reviewed for clear error, which is present when 'the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, No. 06-4350, 2008 WL 4724390, at *2 (E.D. La. Oct. 24, 2008) (Vance, J.) (quoting *Bolding v. Comm'r*, 117 F.3d 270, 273 (5th Cir. 1997)). "Conclusions of law should be overturned when the magistrate 'fails to apply or misapplies relevant statutes,

---

[1] R. Doc. No. 565.
[2] R. Doc. No. 505.
[3] R. Doc. No. 443.
[4] R. Doc. No. 566.

case law or rules of procedure.'" *Id.* (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)).

However, as applicable here, with regard to "'issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion.'" *Energy Intelligence Grp., Inc. v. Canal Barge Co.*, No. 12-2107, 2014 WL 201698, at *1 (E.D. La. Jan. 17, 2014) (Zainey, J.) (quoting *Kiln*, 2008 WL 4724390, at *2); *see also Lebron v. Ensco Offshore Co.*, No. 12-1901, 2013 WL 3967165, at *2 (W.D. La. July 31, 2013); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Doe*, 237 F.R.D. at 548.

Ray Comardelle's deposition has already occurred.[5] With respect to plaintiffs' motion to strike Ray Comardelle as a witness, after reviewing the briefing before the U.S. Magistrate Judge,[6] the U.S. Magistrate Judge's order,[7] and plaintiffs' appeal,[8] the Court finds that the U.S. Magistrate Judge did not abuse his discretion.[9] Accordingly,

**IT IS ORDERED** that the motion for an expedited hearing is **GRANTED**.

---

[5] *See* R. Doc. No. 565-4.
[6] R. Doc. Nos. 443, 490.
[7] R. Doc. No. 505.
[8] R. Doc. No. 565.
[9] In evaluating whether evidence should be excluded for failure to comply with a scheduling order or as a sanction pursuant to Rule 37(c), courts "look to: '(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Patterson v. Hous. Indep. Sch. Dist.*, 570 F. App'x 367, 369 (5th Cir. 2014) (quoting *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)); *accord Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *see also Quanta Servs. Inc. v. Am. Admin. Grp., Inc.*, 384 F. App'x 291, 295 (5th. Cir. 2008) (citing *Geiserman* in reviewing the district court's exclusion of a fact witness). Such issues were thoroughly briefed before the U.S. Magistrate Judge. *See* R. Doc. Nos. 443, 490.

**IT IS FURTHER ORDERED** that, to the extent that plaintiffs seek review of the U.S. Magistrate Judge's order regarding their motion to quash Ray Comardelle's deposition, the appeal is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the order of the U.S. Magistrate Judge is **AFFIRMED** in all other respects.

New Orleans, Louisiana, December 10, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**